UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>JAMES D. BOWER,<br><br>   Debtor.<br>_____<br><br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC. and THE BANK OF<br>NEW YORK MELLON,<br><br>   Appellants,<br><br>v.<br><br>WARREN E. AGIN, TRUSTEE,<br><br>   Appellee. | Bankruptcy Appeal<br>Civil Action No. 10-12154-JLT |

ORDER

July 18, 2011

TAURO, J.

After reviewing the Parties' written submissions and a Hearing held on July 12, 2011, this court hereby orders that Appellee's Motion to Deny Leave to Appeal for Lack of Jurisdiction [#8] is ALLOWED WITHOUT PREJUDICE to raising any of these issues at the conclusion of the Bankruptcy Court's proceeding.[1]

Orders from a bankruptcy court are not appealable unless they conclusively resolve "'a

---

[1] Appellants are not precluded from raising the same issues on appeal after Counts III and IV of the Complaint are conclusively resolved.

discrete dispute within the larger case.'"² The First Circuit has said that a bankruptcy order does not have to "dispose of all aspects of a case in order to be final."³ An order is interlocutory, however, if it "'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and . . . requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'"⁴ Orders disposing of fewer than all claims are "generally interlocutory and not appealable as of right upon entry."⁵

The Bankruptcy Court only resolved two of the four counts of the Complaint and dismissed Appellants' counterclaims.⁶ Counts III and IV are yet to be adjudicated. Those Counts request relief pursuant to 11 U.S.C. § 550(a)(1) and (2).⁷ The Bankruptcy Court thus did not

---

² Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998) (quoting In re Harrington, 992 F.2d 3, 5 (1st Cir. 1993)).

³ In re Am. Colonial Broad. Corp., 758 F.2d 794, 801 (1st Cir. 1985).

⁴ Id. (quoting Tonkoff v. Synoground (In re Merle's Inc.), 481 F.2d 1016 (9th Cir. 1973)).

⁵ In re Bank of New Eng. Corp., 218 B.R. at 647 (citing In re Harrington, 992 F.2d at 6 n.3).

⁶ See Mem. Decision, 1–2 [#4]; Trustee's Mot. Partial Summ. J. 1, Agin v. Mortg. Elec. Registration Sys., Inc. (Bankr. D. Mass) (No. 10-01092).

⁷ Section 550(a) states, in pertinent part

> [T]o the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a)(1) and (2).

2

dispose of the whole subject and leave only execution of the judgment to be done.[8] The Bankruptcy Court's decision on those remaining counts may obviate the current appeal if the Trustee is not granted his requested relief. The adversary proceeding has not been fully resolved and the Bankruptcy Court's Order thus is not final.

Additionally, there is a "'strong congressional policy against piecemeal review, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'"[9] To decide whether to grant leave to hear an interlocutory appeal, a court must follow 28 U.S.C. § 1292(b).[10] Both of the issues raised on appeal present controlling questions of law,[11] but there is not substantial ground for difference of opinion.[12] In light of the policy against piecemeal review and

---

[8] See In re Am. Colonial Broad. Corp., 758 F.2d at 801 (citing Louisa v. Levi, 140 F.2d 512, 514 (6th Cir. 1944)) ("A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated . . . and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decree.").

[9] In re Cont'l Inv. Corp., 637 F.2d 1, 3 (1st Cir. 1980) (quoting United States v. Nixon, 418 U.S. 683, 690 (1974)).

[10] That section states in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

[11] Resolution of both of the issues on appeal is determinative of the relief granted to both Parties.

[12] See Agin v. Mortg, Elec. Registration Sys., Inc. (In re Giroux), 2009 WL 1458173 at *8 (Bankr. D. Mass. 2009) (holding that an acknowledgment lacking the debtor's name cannot be construed to satisfy the requirements of Massachusetts law); East Boston Sav. Bank v. Ogan, 428

impeding an ongoing judicial proceeding, this court denies leave to appeal the interlocutory Order.[13]

For the foregoing reasons, Appellee's <u>Motion to Deny Leave to Appeal</u> is ALLOWED WITHOUT PREJUDICE to raising these issues at the conclusion of the Bankruptcy Court's proceedings. This case is CLOSED.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

Mass. 327, 328–29 (1998) (considering cases in which equitable subrogation applies and stating that whether to apply subrogation "depends on a balance of the interests of the competing mortgagees").

[13] Appellee also urges this Court to invoke judicial estoppel to prevent Appellants from arguing that the Order is final. But that doctrine does not apply here because Appellants' position on appeal that the Bankruptcy Court Order is final is not clearly inconsistent with Appellants' position in the <u>Joint Motion to Continue</u>, which states that "the subject matter of the appeal is closely related to issues not yet adjudicated."